JOHN B. BULGOZDY, Cal. Bar No. 219897
Email: bulgozdyj@sec.gov
FINOLA H. MANVELIAN, Cal. Bar No. 180681
Email: manvelianf@sec.gov
LORRAINE B. ECHAVARRIA, Cal. Bar No. 191860
E-mail: echavarrial@sec.gov
WILLIAM G. BERRY, Cal. Bar No. 206348
E-mail: berryw@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Acting Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:  (323) 965-3998
Facsimile:   (323) 965-3908

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 07-CV-2065 IEG (AJx) |
| Plaintiff, | **CONSENT OF DEFENDANT HARRY H. YIM** |
| vs. | |
| HARRY H. YIM, | |
| Defendant. | |

1.     Defendant Harry H. Yim ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant

1  hereby consents to the entry of the Final Judgment in the form attached hereto (the

2  "Final Judgment") and incorporated by reference herein, which, among other

3  things:

4           (a)    permanently restrains and enjoins Defendant from violations of

5                  Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and

6                  Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and

7                  Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

8           (b)    orders Defendant to pay disgorgement in the amount of

9                  $79,581.00, plus prejudgment interest thereon in the amount of

10                 $6,124.84; and;

11          (c)    orders Defendant to pay a civil penalty in an amount of

12                 $79,581.00 under Section 20(d) of the Securities Act [15 U.S.C.

13                 § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §

14                 78u(d)(3)]; and

15    3.    Defendant agrees that he shall not seek or accept, directly or

16  indirectly, reimbursement or indemnification from any source, including but not

17  limited to payment made pursuant to any insurance policy, with regard to any civil

18  penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of

19  whether such penalty amounts or any part thereof are added to a distribution fund

20  or otherwise used for the benefit of investors.  Defendant further agrees that he

21  shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

22  federal, state, or local tax for any penalty amounts that Defendant pays pursuant to

23  the Final Judgment, regardless of whether such penalty amounts or any part thereof

24  are added to a distribution fund or otherwise used for the benefit of investors.

25    4.    Defendant waives the entry of findings of fact and conclusions of law

26  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

27    5.    Defendant waives the right, if any, to a jury trial and to appeal from

28  the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with

-3-

1  a member of, a self-regulatory organization. This statutory disqualification has
2  consequences that are separate from any sanction imposed in an administrative
3  proceeding. In addition, in any disciplinary proceeding before the Commission
4  based on the entry of the injunction in this action, Defendant understands that he
5  shall not be permitted to contest the factual allegations of the complaint in this
6  action.

7      11.    Defendant understands and agrees to comply with the Commission's
8  policy "not to permit a defendant or respondent to consent to a judgment or order
9  that imposes a sanction while denying the allegations in the complaint or order for
10 proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant
11 agrees: (i) not to take any action or to make or permit to be made any public
12 statement denying, directly or indirectly, any allegation in the complaint or
13 creating the impression that the complaint is without factual basis; and (ii) that
14 upon the filing of this Consent, Defendant hereby withdraws any papers filed in
15 this action to the extent that they deny any allegation in the complaint. If
16 Defendant breaches this agreement, the Commission may petition the Court to
17 vacate the Final Judgment and restore this action to its active docket. Nothing in
18 this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take
19 legal or factual positions in litigation or other legal proceedings in which the
20 Commission is not a party.

21      12.    Defendant hereby waives any rights under the Equal Access to Justice
22 Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any
23 other provision of law to seek from the United States, or any agency, or any
24 official of the United States acting in his or her official capacity, directly or
25 indirectly, reimbursement of attorney's fees or other fees, expenses, or costs
26 expended by Defendant to defend against this action. For these purposes,
27 Defendant agrees that Defendant is not the prevailing party in this action since the
28 parties have reached a good faith settlement.

-4-

1      13.   Defendant agrees that the Commission may present the Final

2  Judgment to the Court for signature and entry without further notice.

3      14.   Defendant agrees that this Court shall retain jurisdiction over this

4  matter for the purpose of enforcing the terms of the Final Judgment.

5

6  Dated: _3/5/08_                 _(Harry H. Yim_

7                              Harry H. Yim

8  State of California
    County of _San Diego_

9

10                         _Anna Goldby, Notary Public_

    On _3/5/08_      before me, ~~(here insert name and title of the officer)~~,

11  personally appeared _Harry H. Yim_            , who proved to

    me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~

12  subscribed to the within instrument and acknowledged to me that he/~~she/they~~

13  executed the same in his/~~her/their~~ authorized capacity(ies), and that by his/~~her/their~~

14  signature(s) on the instrument the person(s), or the entity upon behalf of which the
    person(s) acted, executed the instrument.

15

16  I certify under PENALTY OF PERJURY under the laws of the State of California
    that the foregoing paragraph is true and correct.

17

18  WITNESS my hand and official seal.

19  Signature _Anna Goldby_         (Seal)

20

21  Approved as to form:

22

23  _____

    Timothy P. Dillon, Esq.

24  Dillon & Gerardi, APC
    Attorneys for Defendant

25  HARRY H. YIM

26

27

28

1  JOHN B. BULGOZDY, Cal. Bar No. 219897
   Email: bulgozdyj@sec.gov
2  FINOLA H. MANVELIAN, Cal. Bar No. 180681
   Email: manvelianf@sec.gov
3  LORRAINE B. ECHAVARRIA, Cal. Bar No. 191860
   E-mail: echavarrial@sec.gov
4  WILLIAM G. BERRY, Cal. Bar No. 206348
   E-mail: berryw@sec.gov
5
   Attorneys for Plaintiff
6  Securities and Exchange Commission
   Rosalind R. Tyson, Acting Regional Director
7  Michele Wein Layne, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
8  Los Angeles, California 90036-3648
   Telephone: (323) 965-3998
9  Facsimile: (323) 965-3908

10

11            UNITED STATES DISTRICT COURT

12           SOUTHERN DISTRICT OF CALIFORNIA

13

14

15  SECURITIES AND EXCHANGE          Case No. 07-CV-2065 IEG (AJx)
    COMMISSION,
16
              Plaintiff,            [PROPOSED] FINAL JUDGMENT
17                                  AS TO DEFENDANT HARRY H.
         vs.                        YIM
18

19  HARRY H. YIM,

20
              Defendant.
21

22

23

24       The Securities and Exchange Commission (the "Commission") having filed

25  a Complaint and Defendant Harry H. Yim ("Defendant") having entered a general

26  appearance; consented to the Court's jurisdiction over Defendant and the subject

27  matter of this action; consented to entry of this Final Judgment without admitting

28

1  or denying the allegations of the Complaint (except as to jurisdiction); waived
2  findings of fact and conclusions of law; and waived any right to appeal from this
3  Final Judgment:

**I.**

5      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant
6  and Defendant's agents, servants, employees, attorneys, and all persons in active
7  concert or participation with them who receive actual notice of this Final Judgment
8  by personal service or otherwise are permanently restrained and enjoined from
9  violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of
10  1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated
11  thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of
12  interstate commerce, or of the mails, or of any facility of any national securities
13  exchange, in connection with the purchase or sale of any security:

14      (a)    to employ any device, scheme, or artifice to defraud;

15      (b)    to make any untrue statement of a material fact or to omit to state a
16            material fact necessary in order to make the statements made, in the
17            light of the circumstances under which they were made, not
18            misleading; or

19      (c)    to engage in any act, practice, or course of business which operates or
20            would operate as a fraud or deceit upon any person.

**II.**

22      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
23  that Defendant and Defendant's agents, servants, employees, attorneys, and all
24  persons in active concert or participation with them who receive actual notice of
25  this Final Judgment by personal service or otherwise are permanently restrained
26  and enjoined from violating Section 17(a) of the Securities Act of 1933 (the
27  "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use

28

-2-

1    of any means or instruments of transportation or communication in interstate

2    commerce or by use of the mails, directly or indirectly:

3         (a)    to employ any device, scheme, or artifice to defraud;

4         (b)    to obtain money or property by means of any untrue statement of a

5                material fact or any omission of a material fact necessary in order to

6                make the statements made, in light of the circumstances under which

7                they were made, not misleading; or

8         (c)    to engage in any transaction, practice, or course of business which

9                operates or would operate as a fraud or deceit upon the purchaser

10                                         **III.**

11        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

12    that Defendant is liable for disgorgement of $79,581.00,  representing losses

13    avoided as a result of the conduct alleged in the Complaint, together with

14    prejudgment interest thereon in the amount of $6,124.84, and a civil penalty in the

15    amount of $79,581.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §

16    77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

17    Defendant shall satisfy this obligation by paying $165,286.84 within ten (10)

18    business days after entry of this Final Judgment by certified check, bank cashier's

19    check, or United States postal money order payable to the Securities and Exchange

20    Commission.  The payment shall be delivered or mailed to the Office of Financial

21    Management, Securities and Exchange Commission, Operations Center, 6432

22    General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be

23    accompanied by a letter identifying Harry H. Yim as a defendant in this action;

24    setting forth the title and civil action number of this action and the name of this

25    Court; and specifying that payment is made pursuant to this Final Judgment.

26    Defendant shall pay post-judgment interest on any delinquent amounts pursuant to

27    28 USC § 1961.  The Commission shall remit the funds paid pursuant to this

28    paragraph to the United States Treasury.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____

_____

IRMA E. GONZALEZ
UNITED STATES DISTRICT JUDGE

-4-